UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA G. GRIFFITH, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:16-cv-01348-RDP |
| } | |
| SAM'S WEST, INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand. (Doc. # 5). The parties have fully briefed the motion. (Docs. # 7, 8). After careful consideration of the removal papers and the parties' briefs, the court finds that the requisite jurisdictional amount in controversy is not evident from the removal papers and that this case was improvidently removed. Thus, the court will remand this case back to the Circuit Court of Jefferson County, Alabama, Birmingham Division.

**I.      Background Facts and Procedural History**

On May 17, 2016, Plaintiff Pamela Griffith filed her Complaint in the Circuit Court of Jefferson County, Alabama, asserting claims of negligence, recklessness, wantonness, and premises liability against Defendant Sam's West, Inc. (Doc. # 2). The allegations in Plaintiff's Complaint relate to an incident where Plaintiff claims she fell and suffered injuries to her hip, elbow, neck, and leg at one of Defendant's stores. Plaintiff's Complaint seeks an unspecified amount of compensatory, special, and punitive damages from Defendant. (Doc. # 2 at 8).

Defendant served the following Requests for Admission to Plaintiff on June 24, 2016:

1. That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees, or other fees and costs.

2. That you do not intend to claim over $75,000.00 as total damages in this case.

3. That you will not seek over $75,000.00 as total damages in this case.

4. That you will waive any amount of damages ever entered in this case in excess of $75,000.00.

5. That you will not accept any award of damages over $75,000.00 in this case.

6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Sam's Club or any of its employees.

(Doc. # 1, Ex. 1). On July 19, 2016, Plaintiff served her Responses to Defendants' Requests for Admission and denied the first five requests.[1] (Doc. # 1, Ex. 2).

On August 18, 2016, Defendant removed this case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant based its removal upon diversity jurisdiction that it had ascertained from the Responses to Requests for Admission received from Plaintiff. Specifically, Defendant argues that Plaintiff's denials of the requests for admission establish her intention to seek more than $75,000.00 in total damages in this case by a preponderance of the evidence. (*See* Doc. # 1 at 7). Defendant does not refer to any evidence besides the denials to support its argument that more than $75,000.00 is at issue in this case. (*See* Doc. # 1 at 7-8).

Following the submission of this Motion to Remand, Plaintiff filed an affidavit, which states that she "will not ask for" and "will refuse to accept" more than $75,000 in damages. (Doc. # 12). Moreover, Plaintiff asserts that she will remit "any amount awarded by a judge, jury, or any other legal entity empowered by the law to render judgment, over seventy-five thousand dollars ($75,000.00)." This promise to not accept damages over $75,000 is binding on Plaintiff's heirs, assigns, and successors in this action. (Doc. # 12).

---

[1] Plaintiff admitted the sixth request for admission, but this only means that her denials of the first five requests were binding with regard to all claims made in the lawsuit against Defendant or its employees.

**II.     Standard of Review**

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims where there is both complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00. A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). When the damages at issue in an action are unspecified, a removing party "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). But, the "court[ ] may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Further, federal courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

**III.    Legal Analysis**

A defendant may remove an action more than thirty days after its commencement if the action could not have been removed based on the initial pleading, or it was uncertain whether removal was allowable under the initial pleading, and a defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Pretka,* 608 F.3d at 757. This type of § 1446(b)(3) removal "is not an easy one for defendants to travel," and that door opens

only when a defendant receives a document from which it can ascertain the basis for federal subject matter jurisdiction. *Pretka*, 608 F.3d at 760.

A federal court has diversity jurisdiction over a case removed under § 1446(b)(3) "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or [is] readily deducible from them." *Lowery*, 483 F.3d at 1211. "In assessing whether removal was proper . . . the district court has before it *only* the limited universe of evidence . . . *i.e.*, the notice of removal and accompanying documents." *Id.*, at 1213-1214 (emphasis added). When reviewing that universe of evidence, the court must also consider a plaintiff's request for punitive damages. *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Defendant's response to the Motion to Remand asserts that Plaintiff's denials of its Requests for Admission, and thus her refusal to admit that she will not claim and does not seek in excess of $75,000.00, establishes that the amount in controversy is in excess of $75,000.00. (Doc. # 7 at 5). The court disagrees. While Plaintiff's Responses to the Requests for Admission is a "paper" that was received by Defendant from Plaintiff, "its contents do not provide the clear and unambiguous statement required to establish subject matter jurisdiction over this action." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1226 (N.D. Ala. 2012) (quoting *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403, at *3-4 (M.D. Ala. Mar. 16, 2009) (unpublished)).

Although there is no binding Eleventh Circuit precedent on this issue, it is far from an issue of first impression in this district. This court has concluded numerous times "that a mere denial to a request for admission does not suffice to demonstrate" the amount-in-controversy

4

requirement in § 1332, and the reasoning of those decisions is persuasive.[2]  *Amison v. Nationwide Mut. Ins. Co.*, 2015 WL 5935170, at *3 (N.D. Ala. Oct. 13, 2015) (unpublished) (citing *Griffith* and *Spears v. Wal-Mart Stores, Inc.*, 2:09-cv-00894-RDP, Doc. # 8 (N.D. Ala. June 6, 2009) (unpublished)).  As in *Amison*, the court concludes that Plaintiff's denials of Defendant's negatively-worded requests for admission are insufficient to demonstrate the amount in controversy by a preponderance of the evidence.  *Id.*  While a party's affirmative response to a request for admission conclusively establishes a fact for purposes of litigation, "the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute."  *Harmon*, 2009 WL 707403, at *4 (citing Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment).

Defendant asserts that its removal of this case is supported by *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239 (M.D. Ala. 2008), and *Harden v. Field Memorial Community Hosp.*, 516 F. Supp. 2d 600 (S.D. Miss. 2007).  In *Williams*, the defendant based its removal on a plaintiff's denials of similar requests for admission.  Williams moved to remand, but she based the motion to remand on timeliness.  Thus, *Williams* is distinguishable from this case because the *Williams* opinion did not address whether the amount in controversy was satisfied.  *Williams*, 534 F. Supp. 2d at 1242-45; *see also Spears*, 2:09-cv-00894-RDP, Doc. # 8 at 4 (distinguishing *Williams* from another motion to remand on similar grounds).

Likewise, *Harden* is distinguishable from this case because of the factual allegations and injuries at issue in the *Harden* litigation.  As this court stated in *Spears*,

> *Harden* is a medical malpractice case in which the plaintiff alleged that she "fainted while on a gurney in Field Memorial Hospital's emergency room … [and] suffered a fractured jaw and nose, contusions, and lacerations due to the emergency room staff's failure to raise the gurney's 'pull-up' railing." *Harden*,

---

[2] Prior decisions of this court and other district courts are non-binding, persuasive authority that may be considered by the court in rendering its decision.

> 516 F.Supp.2d at 607. She sought "damages for her past, present, and future pain and suffering, loss of enjoyment of life, disabilities, disfigurement, and medical treatment." *Harden*, 516 F.Supp.2d at 608.

*Spears*, 2:09-cv-00894-RDP, Doc. # 8 at 4. Here, Plaintiff alleges that she slipped and fell in a store and suffered unspecified injuries to her hip, elbow, neck, and leg. Moreover, as the court concluded in *Harden*, "the plaintiff made clear in her Memorandum of Authorities in support of her Motion to Remand based upon untimely removal that she intends to seek more than $75,000.00," whereas Plaintiff in this case has made no affirmative statement concerning the amount of damages sought.[3] *Harden*, 516 F. Supp. 2d at 608-09.

*Harmon*'s analysis of the evidentiary value of negatively-worded requests for admission is persuasive. The denial of the negative requests does not equal an affirmative assertion or response that more than $75,000 is sought. Moreover, Plaintiff has averred to this court that, if the case is remanded to state court, she will not seek or accept more than $75,000 in damages and "will remit[ ] any amount awarded by a judge, jury, or any other legal entity empowered by the law to render judgment, over seventy-five thousand dollars ($75,000.00)." (Doc. # 12). Thus, Defendant has not established the requisite amount in controversy by a preponderance of the evidence, and a remand is appropriate.[4]

---

[3] In its response to the Motion to Remand, Defendant directs the court's attention to the case of *Smith v. State Farm Fire & Casualty Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Like *Harden*, the *Smith* case involved different types of claims and different factual allegations than this case. In *Smith*, the court addressed an action asserting breach of contract and bad faith claims against an insurance company arising from an insurance claim for wind damage to a house following tornadoes. *Smith*, 868 F. Supp. 2d at 1334. The court concluded that remand was improper because "the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.*, at 1335. In accordance with Judge William Acker's observation that the court may use its "good sense and experience" when evaluating cases raising amount in controversy issues, the court determines that the documents presented by Defendant simply do not establish an amount in controversy exceeding $75,000.00, even considering Plaintiff's claim for punitive damages.

[4] Because Defendant fails to establish the necessary amount in controversy, the court does not address Plaintiff's argument that Defendant's remand was untimely. The court notes, however, that to the extent Defendant relies on punitive damages to show the amount in controversy, it could have determined the punitive damages at issue from the initial pleading.

## IV. Conclusion

For the reasons outlined above, the court finds Defendant has not established that the requisite jurisdictional amount is at issue. By separate order, the court will remand this case to the Circuit Court of Jefferson County, Alabama, Birmingham Division.

**DONE** and **ORDERED** this September 28, 2016.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE